IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00363-BNB

BRUCE L. KNIGHT,

    Plaintiff

v.

JANNET KING, #01089,
NURSE ROSE, and
CORRECTIONAL HEALTH CARE COMPANIES,

    Defendants.

## ORDER OF DISMISSAL

On February 7, 2014, Plaintiff, Bruce L. Knight, initiated this action by filing *pro se* a Letter that challenges the conditions of his confinement. Magistrate Judge Boyd N. Boland directed Plaintiff to submit his claims on a Court-approved form used in filing prisoner complaints. Plaintiff filed a complaint on February 24, 2014, but he did not use a current Court-approved form. He then filed a proper Court-approved complaint form on March 14, 2014. After review of the March 14 Complaint, Magistrate Judge Boyd N. Boland found Plaintiff had failed to provide a short and concise statement of his claims in compliance with Fed. R. Civ. P. 8. Magistrate Judge Boland directed Plaintiff to file an Amended Complaint. On April 18, 2014, Plaintiff filed two amended complaints. The Court has reviewed both complaints and determined the claims in each complaint are the same and are asserted against the same defendants. The Court, however, will consider the supporting facts in both complaints.

Section 1915(e)(2)(B), 28 U.S.C., requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a


defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).  The Court will dismiss this action as legally frivolous, for the reasons stated below.

In each of the four complaints Plaintiff has submitted to the Court, he asserts three claims, including (1) Defendant Jannet King removed him from the GED list, which resulted in Plaintiff having to retake the GED test; (2) Defendant King denied Plaintiff access to legal services in retaliation for filing a grievance against her; (3) Defendant Nurse Rose denied Plaintiff medication and an X-ray on January 16, 2014; and (4) Correctional Health Care Companies denied Plaintiff medical care on two occasions, in December when Plaintiff fell down the stairs, and on August 25 through 26, 2013, when his blood pressure was elevated.  Plaintiff seeks money damages.

First, Plaintiff's GED claim is legally frivolous.  Plaintiff has no constitutional right to "educational or vocational opportunities during incarceration," *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901, *2 (10th Cir. Oct. 16, 2000) (unpublished) (citing *Wishon v. Gammon,* 978 F.2d 446, 450 (8th Cir.1992)).

Plaintiff's denial of legal services also is legally frivolous.  Plaintiff does not have a *per se* constitutional right to a prison library.  If Plaintiff is attempting to state a denial of court access, due to being denied access to the library on one occasion, he must plead he actually was impeded in his ability to conduct a particular case to state a violation of her rights.  *See Casey v. Lewis*, 518 U.S. 343 (1996).  The right of access to

the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

Finally, Plaintiff's retaliation claim is legally frivolous. "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Since Plaintiff does not have a *per se* constitutional right to a prison library and he has failed to assert a denial of access to the courts claim, he is not able to assert retaliation. Claim One, therefore, will be dismissed as legally frivolous.

Next the Court will address Claims Two and Three. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). If allegations are "so general that they emcompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] '[has] not nudged [his] claims across the line from conceivable to plausible.' " *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

In Claim Two, Plaintiff asserts that Defendant Rose failed to provide him with his medication and an X-ray on one occasion. Plaintiff does not state specifically the injury he incurred from the one occasion; he only asserts that after Defendant Rose denied him his medication other nurses "had to give [him] double doses because of damaged [sic] cause from the delay." Am. Comp., ECF No. 19, at 5.

Plaintiff does not state a cognizable Eighth Amendment claim against Defendant Rose based on the allegations he has presented. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (stating that cruel and unusual punishment involves more than ordinary lack of due care for a prisoner's interests and safety). To establish liability under the Eighth Amendment, Plaintiff must claim, in part, that Defendant Rose acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff does not assert that Defendant Rose knew the denial of medication and

an X-ray on one occasion would subject Plaintiff to a substantial risk of serious harm but yet disregarded that risk. Furthermore, the Court has reviewed Plaintiff's Letter submitted on February 7, 2014, and the complaints submitted on February 24, 2014, and March 14, 2014. In these pleadings, Plaintiff asserts that when he saw Defendant Rose on January 8, 2014, or possibly January 10, 2014, she indicated to him that she did not have Tums and if she gave him Zantac for his stomach issues she would have to take him off of his blood pressure medication, Tylenol, and antibiotics. Plaintiff asserts that he told Defendant Rose that he did not want to be removed from the blood pressure medication and that Defendant Rose placed him on a liquid diet, even though he preferred a soft diet, but the liquid diet was discontinued after he left medical.

      Plaintiff, however, provides several different descriptions of the events that took place subsequent to his appointment with Defendant Rose on January 8 or 10 regarding the treatment of his stomach issues. Plaintiff asserts in the February 24 and March 14 complaints that after seeing Defendant Rose he was seen by medical until February 2014, and then was given Zantac plus Prilosec. Feb. 24 Compl., ECF No. 5, at 11; Mar. 14 Compl., ECF No. 11, at 14. However, in the Letter he first submitted to the Court Plaintiff asserts that as early January 12 or 14, 2014, "they" put him on Zantac and a week later on a soft Kosher diet but discontinued the Kosher diet a few days later. ECF No. 1 at 5. He further concedes that he was seen by medical, specifically Defendant Rose, soon after he reported he was vomiting blood as a result of taking Motrin, Mar. 14. 2014 Compl, ECF No. 11, at 12, and that within no more than six days after Defendant Rose denied him Zantac on January 8, 2014, he was given Zantac and when the Zantac did not resolve his stomach issues he was given Prilosec, Ltr., ECF No. 1, at 5-6. Plaintiff also states that Defendant Rose placed him on a liquid diet but once he

was given the Zantac he requested and was given a Kosher diet. Feb. 24 Compl. at 23. Finally, Plaintiff concedes he has received "some medical attention" but the treatment is not adequate." Feb. 24, 2014 Compl., ECF No. 5, at 11.

A disagreement regarding treatment is not sufficient to maintain a deliberate indifference claim. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Whether a course of treatment is appropriate "is a classic example of a matter for medical judgment," that is insufficient to sustain a claim under the Eighth Amendment. *Estelle*, 429 U.S. at 107 (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation). *See also Perkins v. Kansas Dep't Corrs.*, 165 F .3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("a difference of opinion does not support a claim of cruel and unusual punishment") (citations omitted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician . . . is . . . insufficient to establish a constitutional violation.") (citations omitted).

Plaintiff's disagreement with Defendant Rose's refusal to provide him Zantac at the same time he was on blood pressure medication, Tylenol, and antibiotics does not rise to the level of a constitutional violation. During the time at issue, starting the last of December 2013 through the middle of February, Plaintiff was provided with Zantac and Prilosec and was placed on a liquid or Kosher diet. Plaintiff does not assert that he continued to have stomach issues after February 2014 and receiving a treatment of Zantac and Prilosec for two months, or that he now suffers from any continuing stomach issues. Plaintiff fails to assert that Defendant Rose is liable for violating his

constitutional rights.  Plaintiff's Eighth Amendment claim as it pertains to the treatment of his stomach issues, therefore, will be dismissed as legally frivolous.

Plaintiff's X-ray claim also will be dismissed as legally frivolous.  Plaintiff received an X-ray of his shoulder, he just did not receive an X-ray of his neck and back.  Mar. 14, 2014 Compl. at 11. Other than claiming pain in the neck and back, Plaintiff does not assert why an X-ray was required and how Defendant Rose's denial of an X-ray of his back and neck was more than a disagreement regarding his medical treatment.  Plaintiff does not assert that he continues to have permanent damage that was a result of his falling down the stairs and that was exasperated because Defendant Rose did not order an X-ray on January 8, 2014.

Finally, Claim Three lacks merit.  Correctional Healthcare Management like a county or a municipality cannot be held liable on the basis of the doctrine of *respondeat superior*.  See *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Nelson v. Prison Health Services, Inc.,* 991 F. Supp. 1452, 1465 (M.D. Fla. 1997); *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982) (vicarious liability does not apply in § 1983 claims, even where the defendant is a private corporation, rather than a municipality or other public agency).  Plaintiff must prove "either that the company was directly involved in the alleged violation or that a policy or custom of the corporation led to the violation."  *Id.; see also Buckner v. Toro*, 116 F .3d 450, 452 (11th Cir. 1997) ("the *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates."); *Thomas v. Zinkel,* 155 F. Supp.2d 408, 412 (E.D.  Pa. 2001) (liability of private corporation may not rest on *respondeat superior,* but rather must be based on a policy, practice, or custom that caused the

injury); *Taylor v. Plousis,* 101 F. Supp.2d 255, 263 (D. N.J. 2000) (private corporation performing a municipal function is subject to the holding in *Monell* ).

Plaintiff must allege the same elements relevant to municipal liability, that is "(1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." *Jenkins v. Wood,* 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)).

Claim Three rests solely on what Plaintiff contends is inadequate conduct on the part of Correctional Healthcare Management staff, when they failed to attend to Plaintiff when he fell down the stairs and when his blood pressure was elevated on two occasions. Plaintiff does not assert personal participation by any named staff member in Claim Three as he was directed to do by Magistrate Judge Boland. He must assert personal participation by a named defendant in an alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant' s participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Claim Three, therefore, will be dismissed as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States,* 369 U.S. 438

(1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  1st  day of   May  , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court